UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SEAN P. STOLL, <br><br> Petitioner, <br><br> v. <br><br> JAMES KEY, <br><br> Respondent. | CASE NO. C17-5158 BHS <br><br> ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 19), and Petitioner's objections to the R&R (Dkt. 20).

On February 21, 2017, Petitioner filed his petition for writ of habeas corpus. Dkt. 1. On April 20, 2017, Respondent answered. Dkt. 13. On June 28, 2017, Petitioner replied. Dkt. 18. Petitioner raised four grounds for relief:

1. The State presented insufficient evidence for a reasonable jury to convict him.

2. The trial court erred when it provided a jury instruction misinforming the jury of the definition of reasonable doubt.

ORDER - 1

3. The trial court erred when it did not instruct the jury that each count must be based on separate and distinct acts.

4. The trial court violated Petitioner's right to confront the witnesses against him when it admitted a videotape of a police interview of the victim. *See* Dkt. 1.

On August 31, 2017, Judge Creatura entered the R&R, recommending that the petition be denied. Dkt. 19. On September 11, 2017, Petitioner objected to the R&R. Dkt. 20. On September 19, 2017, Respondent filed a response to the objections. Dkt. 21.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

Petitioner first objects to the R&R's disposition that Petitioner failed to establish that his conviction was supported by insufficient evidence. Dkt. 20 at 1–4. While Petitioner objects to the R&R's disposition, he fails to articulate any argument that was not addressed by the R&R, nor does he assign any particular error to the R&R's analysis. *See id.* The Court agrees with the R&R's analysis on this ground for relief and therefore adopts it.

Petitioner next argues that the R&R erroneously determined that his arguments regarding the admission of a videotaped interview were procedurally barred. To support his objection, Petitioner argues that his failure to exhaust and any procedural bars may be overcome on the basis that (1) he can show cause for the procedural default, and (2) failure to review the claims will result in a fundamental miscarriage of justice. Dkt. 20 at

4. Specifically, Petitioner claims that he can establish cause on the basis that he received ineffective assistance of trial and appellate counsel. *Id.* at 4–7. However, in making this argument, Petitioner advances new claims asserting ineffective assistance of trial and appellate counsel, claims that are likewise unexhausted and procedurally barred. *See* Exs. 15, 17. Petitioner has made no showing that his failure to appropriately pursue his newly asserted claims for ineffective assistance of counsel can themselves be excused for "cause and prejudice." *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000) ("[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted [but may] be excused if the prisoner can satisfy the cause-and-prejudice standard with respect to *that* claim.") (emphasis added). Accordingly, Petitioner's present arguments regarding ineffective assistance of counsel cannot be used to establish cause for the procedural default of his claim pertaining to the admission of the videotaped interview, and the Court will adopt the analysis set forth in the R&R.

Finally, the Court finds that Petitioner has failed to demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted). Accordingly, the Court declines to issue a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2).

The Court having considered the R&R, Petitioner's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) This action is **DISMISSED**; and

(3) A certificate of appealability is **DENIED.**

Dated this 23rd day of October, 2017.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4